NVB STC11V

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK−23−11659−nmc |
| | CHAPTER 11 |
| ATHEN'S INC. | |
| Debtor(s) | ORDER SETTING (A) STATUS CONFERENCE; (B) CLAIMS BAR DATE; (C) DEADLINE FOR ELECTION UNDER 11 U.S.C. § 1111(b)(2); AND (D) OTHER DEADLINES (FOR USE ONLY IN CASES UNDER SUBCHAPTER V OF CHAPTER 11) |

In accordance with Subchapter V of Chapter 11 of Title 11 of the United States Code, the court hereby ORDERS as follows:

1. The court will convene a telephonic status conference on **6/20/23** at **09:30 AM.** Phone Conference Number is **(669) 254−5252.** Meeting ID is **161 166 2815.** Hearing Passcode is **115788.** Debtor and Debtor's counsel shall appear. For Court Hearing participation information, please see court website: https://www.nvb.uscourts.gov/calendars/remote−court−hearing−participation/.

2. At least 14 days prior to the date of the foregoing status conference, Debtor shall file the report required by 11 U.S.C. § 1188(c) and shall serve that report on the case or standing trustee, the United States Trustee, and all parties in interest.

   Pre−Status Conference Report Due: **6/6/23**

3. Within 14 days following entry of the order for relief, Debtor shall serve notice of the commencement of this case to any entity known to be holding money or property subject to withdrawal or order of the Debtor. Fed. R. Bankr. P. 2015(a)(4).

4. Not later than 90 days following entry of the order for relief, Debtor shall file and serve a plan. 11 U.S.C. § 1189(b). Such plan shall conform to the requirements of 11 U.S.C. §§ 1190 and 1191, along with the applicable provisions of 11 U.S.C. §§ 1123 and 1129. Unless otherwise ordered in specific cases, use of Official Form 425A is mandatory in this district.

5. The court expects compliance with 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B), which require a Debtor in a voluntary case filed under Subchapter V of Title 11 to file and serve the following documents with the petition for relief:

   a. Debtor's most recent balance sheet;

   b. Debtor's most recent statement of operations;

   c. Debtor's cash−flow statement; and

   d. Debtor's most recent federal income tax return.

   If Debtor has not prepared one or more of the foregoing documents or, in the case of a federal income tax return, has not filed such a return, then in lieu of such document(s) and/or return, 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B) require the Debtor to file with the petition for relief a declaration attesting to that fact under penalty of perjury.

6. Any secured creditor that wishes to make an election under 11 U.S.C. § 1111(b)(2) shall do so no later than 10 days following the filing of the plan.

7. Pursuant to Administrative Order 2020–02, which amends LR 3003, a proof of claim must be filed not later than 70 days following the entry of the order of relief.

8. Within 14 days following substantial consummation of any confirmed plan, Debtor shall file, and shall serve on the case or standing trustee, the United States Trustee, and all parties in interest a notice of substantial consummation. 11 U.S.C. § 1183(c)(2).

9. If this case was commenced with the filing of an involuntary petition, then Debtor shall:

    a. comply with Fed. R. Bankr. P. 1007(d) within 2 days following entry of the order for relief;

    b. comply with Fed. R. Bankr. P. 1007(a)(2) within 7 days following entry of the order for relief;

    c. comply with 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B) within 7 days following entry of the order for relief by filing the following documents:

        i. Debtor's most recent balance sheet;

        ii. Debtor's statement of operations;

        iii. Debtor's cash–flow statement; and

        iv. Debtor's most recent federal income tax return.

    If Debtor has not prepared one or more of the foregoing documents or, in the case of a federal income tax return, has not filed such a return, then in lieu of such document(s) and/or return, Debtor shall file and serve within 7 days following entry of the order for relief a declaration attesting to that fact under penalty of perjury; and

    d. comply with Fed. R. Bankr. P. 1020(a) and 1007(c) within 14 days following entry of the order for relief.

10. Failure to comply with this order may result in the imposition of sanctions against Debtor or Debtor's counsel. In the court's discretion, these sanctions might include, but are not limited to, conversion or dismissal of this case, appointment of a trustee, and/or monetary sanctions.

Dated: 4/28/23

*Mary A. Schott*

Mary A. Schott
Clerk of Court