**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone:    (702) 685-4444
Facsimile:    (725) 220-4360
CCarlyon@CarlyonCica.com
TOSteen@CarlyonCica.com

[Proposed] Counsel for Debtor Athens Inc.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. 23-11659-NMC |
|---|---|
| ATHEN'S INC., | Chapter 11 |
| Debtor. | **DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES** |
| | Hearing Date: June 13, 2023<br>Hearing Time: 9:30 a.m. |

      Grand Canyon Destinations LLC, a Nevada limited liability company ("GCD"), and Athens Inc., a Nevada corporation ("Athens" and together with GCD, the "Debtors"), as debtors and debtors in possession, submit their motion (the "Motion")[1] requesting entry of an order directing that their bankruptcy cases be administratively joined for procedural convenience and cost efficiencies. This Motion is made and based on the points and authorities herein, the *Declaration of Anthony Dobbs in Support of Debtors' Motion for Order Directing Joint Administration of Chapter 11 Cases* (the "Dobbs Decl."), the papers and pleadings on file in these cases, judicial notice of which are requested, and any arguments of counsel at the time of the hearing on the Motion.

. . .

---

[1] This same Motion is being filed in both cases for now, pending Court approval of joint administration of the cases.

Respectfully submitted this 1st day of May 2023.

CARLYON CICA CHTD.

*/s/ Tracy M. O'Steen, Esq.*
CANDACE C. CARLYON, ESQ.
Nevada Bar No, 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, Nevada 89119
*Counsel for Debtor Grand Canyon Destinations LLC, and [Proposed] Counsel to Athens Inc.*

## I. Background

1. GCD filed its bankruptcy case under Chapter 11 of the Bankruptcy Code (the "GCD Chapter 11 Case") on February 3, 2023 (the "GCD Petition Date"). The details of Debtor's business operations are set forth in the *Omnibus Declaration of Anthony Dobbs in support of Debtors' First Day Filings* [ECF No. 8] on file in the GCD Chapter 11 Case.

2. GCD is a tour operator offering a variety of small and large group tours, primarily from Las Vegas to the Grand Canyon. Dobbs Decl. ¶3.

3. GCD's business was ravaged by the COVID-19 pandemic. As a result of that crisis, GCD's business was closed completely for a period of time and suffered tremendous loss of revenue due to the lack of tourism and travel. *Id.* at ¶ 4.

4. Athens is a company affiliated with GCD and was formed in 2017 for the purpose of purchasing vehicles which (it was hoped) could be chartered to GCD as well as other tour operators or customers. GCD guaranteed certain purchase obligations of Athens. *Id.* at ¶ 5.

5. As a result of the COVID-19 pandemic, Athens also suffered a complete halt in revenue. Several vehicles were repossessed, and a deficiency judgment (via default) was entered against Debtors in favor of 1st Source Bank in the amount of $758,241.62 on April 1, 2022, and faces other potential deficiency judgments. *Id.* at ¶ 6.

6. Currently, Athens charters buses to GCD, which pays for such charters as monies

are due. Athens has no other business. *Id*. at ¶7.

7. At the time the COVID-19 pandemic was devastating Debtors' revenue, the cryptocurrency market was burgeoning. Bitcoin generated returns of approximately 300% in 2020 and 60% in 2021. In an effort to augment revenues, GCD loaned $1,895,578 to New Charters, Nevada ("NCN"), an affiliate of Debtor which was established for the purpose of mining cryptocurrency. While expected to generate a return of 12% per annum, in fact the loans have been significantly impaired by the more recent plunge in the cryptocurrency market. Like GCD, Athens loaned funds NCD in the amount of $482,832. *Id*. at ¶8.

8. Athens filed its bankruptcy case under Chapter 11 of the Bankruptcy Code (the "Athens Chapter 11 Case" and together with the GCD Chapter 11 Case, the "Chapter 11 Cases") on April 27, 2023.

9. Athens has determined that it does not make economic sense to continue operations separately from GCD. Athens and GCD contemplate proposing a joint plan which calls for payment in full of administrative, priority, and secured claims (over time) and some distribution to unsecured creditors, who would receive little or nothing in a liquidation. *See* Dobbs Decl. ¶9.

10. Debtors are authorized to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## II.   Jurisdiction

The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, Debtors consent to the entry of final orders and judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent the consent of the parties, cannot enter final orders or judgments in this matter consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

. . .

### III. Relief Requested

Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of estates when two or more petitions are pending in the same court by a debtor and an affiliate. *See* Fed. R. Bankr. P. 1015(b)(4). As applied in the case at hand, Athens is an affiliated company which owns the vehicles used by GCD in its tour operations. Moreover, both share the same ultimate management. Accordingly, the Debtors are "affiliates" as that term is defined in section 101(2)(A) and (B) of the Bankruptcy Code. Additionally, the financial and operational relationships between Debtors are intertwined such that joint administration of these Chapter 11 Cases will benefit Debtors' estates by obviating the necessity of filing duplicate motions and applications, entering duplicate orders, and preparing and providing duplicate notices to creditors and parties-in-interest, thus avoiding unnecessary time and expense.

"Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates." *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998). The efficiency and utility of permitting joint administration of related cases is widely recognized. *See, e.g., In re Geneva Steel, LLC*, 389 B.R. 231, 236 (Bankr. D. Utah 2008); *In re PL Liquidation Corp.*, 305 B.R. 629, 632 (Bankr. D. Del. 2004).

The rights of Debtors' respective creditors will not be adversely affected by joint administration of the Chapter 11 Cases because the relief sought herein is purely procedural and is not intended to affect substantive rights. The Motion does not request substantive consolidation of the Chapter 11 Cases. Thus, the rights of all creditors will be enhanced by the reduction in cost resulting from joint administration, including avoiding a multiplicity of filings. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee will be simplified.

Joint administration of the Chapter 11 Cases is in the best interest of the Debtors, their creditors, this Court, and all other interested parties. Accordingly, the Debtors request that the

CARLYON CICA CHTD.
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

Court maintain one (1) file and one docket for all of the Chapter 11 Cases under the case number assigned to Grand Canyon Destinations LLC as the first filed and "lead" debtor.[2]

The Debtors also request that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>GRAND CANYON DESTINATIONS LLC,<br><br>    Debtor. | Case No. 23-10339-NMC<br>Chapter 11<br><br>(Jointly Administered) |
|---|---|
| In re:<br><br>ATHENS INC.,<br><br>    Debtor. | Case No. 23-11659-NMC<br>Chapter 11 |

### IV.  Conclusion

WHEREFORE, the Debtors request that this Court enter an order, in the form attached hereto as **Exhibit 1**, thereby (i) directing the joint administration of the Debtors' Chapter 11 Cases; and (ii) granting such other relief as this Court may deem just and proper.

Respectfully submitted this 1st day of May 2023.

                CARLYON CICA CHTD.

                */s/ Tracy M. O'Steen, Esq.*
CANDACE C. CARLYON, ESQ.
Nevada Bar No, 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, Nevada 89119
*Counsel for Debtor Grand Canyon Destinations LLC, and [Proposed] Counsel to Athens Inc.*

---

[2] The GCD Chapter 11 Case, which was the first filed case, was assigned to the Honorable Natalie M. Cox, as was the Athens Chapter 11 Case. The Debtors assume that the two bankruptcy cases will be consolidated before Judge Cox.

**CERTIFICATE OF SERVICE**

I am an employee of Carlyon Cica Chtd. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to LR 2002 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties and attorneys who are filing users through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Nancy Arceneaux
An employee of Carlyon Cica Chtd.

# EXHIBIT "1"

# EXHIBIT "1"

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone:    (702) 685-4444
Facsimile:    (725) 220-4360
CCarlyon@CarlyonCica.com
TOSteen@CarlyonCica.com

*[Proposed] Counsel for Debtor Athens Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>ATHEN'S INC.,<br><br>　　　　　Debtor. | Case No. 23-11659-NMC<br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**<br><br>Hearing Date: June 13, 2023<br>Hearing Time: 9:30 a.m. |

　　　　Grand Canyon Destinations LLC, a Nevada limited liability company ("GCD"), and Athens Inc., a Nevada corporation ("Athens" and together with GCD, the "Debtors"), as debtors and debtors in possession, having filed their *Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases* (the "Motion") [ECF Nos. ___ and ___ ], thereby seeking joint administration of their respective chapter 11 cases (the "Chapter 11 Cases"); the Court having held a hearing on the Motion at the above-captioned date and time (the "Hearing"), and all

appearances having been noted on the record at the time of the Hearing; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) the Debtors are affiliates within the meaning of 11 U.S.C. § 101(2); (c) the joint administration of Debtors' Chapter 11 Cases is appropriate pursuant to Fed. Bankr. P. 1015(b); and the Court having placed its findings of fact and conclusions of law on the record at the Hearing, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 52, as made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and for good cause appearing:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is **GRANTED** in its entirety.

2. Debtors' Chapter 11 Cases shall be and hereby are consolidated for procedural purposes only and shall be jointly administered in accordance with Fed. R. Bankr. P. 1015(b).

3. Grand Canyon Destinations LLC's Chapter 11 Case, Case No. 23-10399-NMC, shall be designated as the lead case.

4. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases or Debtors' respective bankruptcy estates.

5. The caption of all filings in the jointly administered Chapter 11 Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>GRAND CANYON DESTINATIONS LLC,<br><br>    Debtor. | Case No. 23-10339-NMC<br>Chapter 11<br><br>(Jointly Administered) |
|---|---|
| In re:<br><br>ATHENS INC.,<br><br>    Debtor. | Case No. 23-11659-NMC<br>Chapter 11 |

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

6.  A docket entry shall be made on the docket of each of the Debtors' Chapter 11 Cases, as follows:

> An order has been entered pursuant to Fed. R. Bankr. P. 1015(b) directing joint administration of the following related Chapter 11 Cases: Quicker Liquor LLC and Nevada Wine Cellars, Inc. The docket in Case No. 22-10331-mkn should be consulted for all matters affecting this case. All further pleadings, motions, and other papers shall be filed in, and all further docket entries shall be made in Case No. 22-10331-mkn.

7.  The Debtors shall continue to file their own separate monthly operating reports.

**IT IS SO ORDERED.**

Respectfully Submitted by:
CARLYON CICA CHTD.

*/s/ Tracy M. O'Steen, Esq.*
CANDACE C. CARLYON, ESQ.
Nevada Bar No, 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, Nevada 89119
*Counsel for Debtor Grand Canyon Destinations LLC, and [Proposed] Counsel to Athens Inc.*