Fill in this information to identify the case:

Debtor name **ATHEN'S INC.**

United States Bankruptcy Court for the: DISTRICT OF NEVADA

Case number (if known) **23-11659-nmc**

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11

02/20

**GRAND CANYON DESTINATIONS, LLC ("GCD") AND ATHEN'S INC.'s ("Athen's") Plan of Reorganization, Dated May 4, 2023.**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

A. **Description and History of the Debtor's Business**

The Debtor is a Limited Liability Company. Since [insert year operations commenced], the Debtor has been in the business of **offering tours** .

B. **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **1**.

C. **Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit **2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) **See Exhibit 2**.

The final Plan payment is expected to be paid on **or before 36 months from the Effective Date**.

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **GRAND CANYON DESTINATIONS, LLC and ATHEN'S INC.** (the *Debtors*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:   **1** classes of priority claims;

   **3** classes of secured claims;

   **2** classes of non-priority unsecured claims; and

   **2** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **0** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01   **Class 1** .................................   All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

[Add classes of priority claims, if applicable]

| Debtor | **ATHEN'S INC.** | Case number (*if known*) **23-11659-nmc** |
|---|---|---|
| | Name | |

| 2.02 | **Class 2** | Small Business Administration ("SBA") Secured Claim |
|---|---|---|
| 2.03 | **Class 3** | Mercedes-Benz Financial (GCD) |
| 2.04 | **Class 4** | Mercedes-Benz Financial (Athen's) |
| 2.05 | **Class 5** | Administrative Convenience Claims. See plan supplement attached as Exhibit **3**. |
| | | [Add other classes of secured creditor, if any. *Note*: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) if the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).] |
| 2.06 | **Class 6** | All other non-priority unsecured claims allowed under § 502 of the Code. |
| | | [Add other classes of unsecured claims, if any.] |
| 2.07 | **Class 7** | Equity interests of the Debtor, GCD. (If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate.*) |
| 2.08 | **Class 8** | Equity interests of the Debtor, Athen's. (If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate.*) |

## ▮ Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | **Except as provided in Exhibit 3.** |
| | | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| | | Or |
| | | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with section 1191(e) of the Code]. |
| | | [Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).] |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code] in quarterly installments as set forth as Exhibit **3**. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

## ▮ Article 4: Treatment of Claims and Interests Under the Plan

**4.01    Claims and interests shall be treated as follows under this Plan:**          See Exhibit 3.

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3<br><br>See Exhibit **3**. | ☑ Impaired<br>☐ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br><br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except: ____."] |

| Debtor | **ATHEN'S INC.** | Case number (*if known*) | **23-11659-nmc** |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| Class 2 – Small Business Administration ("SBA" ) Secured Claim | ☑ Impaired ☐ Unimpaired | |
| **Class 3 –** Mercedes-Benz Financial (GCD) | ☑ Impaired ☐ Unimpaired | |
| **Class 4 –** Mercedes-Benz Financial (Athen's) | ☑ Impaired ☐ Unimpaired | |
| **Class 5 – Administrative Convenience Claims** | ☑ Impaired ☐ Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.] See Exhibit **3**. |
| **Class 6 – Non-priority unsecured creditors** | ☑ Impaired ☐ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.] See Exhibit **3**. |
| **Class 7 – Equity security holders of the Debtor, GCD** | ☑ Impaired ☐ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |
| Class 8 - Equity security holders of the Debtor, Athen's | ☑ Impaired ☐ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

## Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
|---|---|---|
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |

| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
|---|---|---|

| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |
|---|---|---|

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a)  The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|
| | | See Exhibit 3. |
| | | (b)  Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan. |

## Article 7: Means for Implementation of the Plan

| | See Exhibit 3. |
|---|---|

## Article 8: General Provision

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|
| | | See Exhibit 3. |

| 8.02 | **Effective Date** | See Exhibit 3. |
|---|---|---|

| Debtor | **ATHEN'S INC.** | Case number (*if known*) **23-11659-nmc** |
|---|---|---|
| | Name | |

| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
|---|---|---|
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **Nevada** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | Not applicable. |
| [8.08 | **Retention of Jurisdiction** | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.] See Exhibit 3. |

**Article 9: Discharge**

See Exhibit 3.

**[No Discharge -- Section 1141(d)(3) IS applicable.**

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

See Exhibit 3.

Respectfully submitted,

**X**   /s/ Anthony Dobbs
[Signature of the Plan Proponent]

**Anthony Dobbs**
[Printed name]

**X**   /s/ Candace C. Carlyon
[Signature of the Attorney for the Plan Proponent]

**Candace C. Carlyon**
[Printed name]

EXHIBIT 1

EXHIBIT 1

LIQUIDATION ANALYSIS

GRAND CANYON DESTINATIONS, LLC

Available Assets:

| | |
|---|---|
| Cash and cash equivalents: | $43,935 |
| Accounts receivable: | $83,477 |
| Value of New Charters note: | $150,000 |
| Personal property[1]: | $2,500 |
| Total: | $279,912 |

Less costs of liquidation:

| | |
|---|---|
| Trustee fees: | $17,246 |
| Legal fees: | $10,000 |
| Total: | $27,246 |
| Net available for payment of creditors: | $252,666 |
| Secured Claim:  SBA | $252,666 |
| Priority Claims (IRS $123,283) | -0- |
| Unsecured Claims | -0- |

---

[1]  Does not include vehicle leases; Debtors have no equity in their vehicles but plan to continue to make lease/loan payments through the plan in order to retain such vehicles.  Neither the vehicle assets nor liabilities are set forth in the chart above.

## LIQUIDATION ANALYSIS

## ATHENS, INC.

**Available Assets:**

| | |
|---|---|
| Cash and cash equivalents: | $0 |
| Value of New Charters note: | $40,000 |
| Personal property: | $82,170 |
| Total: | $122,170 |

Less costs of liquidation:

| | |
|---|---|
| Trustee fees: | $9.358 |
| Legal fees: | $15,000 |
| Total: | $24,358 |
| Net available for payment of creditors: | $97,812 |
| Secured Claim:  Vehicles | $70,000 |
| Priority Claims: | $26,657 |
| Unsecured Claims: | $1,155 |

EXHIBIT 2

EXHIBIT 2

## GRAND CANYON DESTINATIONS LLC/ATHENS INC.
### PLAN PROJECTIONS
### March - December 2023

| Income | Mar 2023 | Apr 2023 | May 2023 | Jun 2023 | Jul 2023 | Aug 2023 | Sep 2023 | Oct 2023 | Nov 2023 | Dec 2023 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | |
| Revenues - Tours | 166,540.00 | 259,380.00 | 425,988.00 | 392,268.00 | 240,580.00 | 396,421.00 | 541,238.00 | 685,740.00 | 343,386.00 | 150,890.00 | 3,602,431.00 |
| Total Income | 166,540.00 | 259,380.00 | 425,988.00 | 392,268.00 | 240,580.00 | 396,421.00 | 541,238.00 | 685,740.00 | 343,386.00 | 150,890.00 | 3,602,431.00 |
| Total Cost of Goods Sold | 110,827.00 | 180,181.00 | 316,720.00 | 294,710.00 | 157,668.00 | 293,051.00 | 409,157.00 | 499,999.00 | 247,537.00 | 109,613.00 | 2,619,463.00 |
| Gross Profit | 55,713.00 | 79,199.00 | 109,268.00 | 97,558.00 | 82,912.00 | 103,370.00 | 132,081.00 | 185,741.00 | 95,849.00 | 41,277.00 | 982,968.00 |
| **Expenses** | | | | | | | | | | | |
| Total Payroll Expenses | 37,313.00 | 37,296.00 | 37,231.00 | 37,051.00 | 36,971.00 | 36,965.00 | 36,965.00 | 36,965.00 | 36,955.00 | 36,836.00 | 370,547.00 |
| **Professional fees** | | | | | | | | | | | |
| Legal Fees | | | | | | | | 1,000.00 | 1,000.00 | 1,000.00 | 3,000.00 |
| Accounting fees | 2,250.00 | 5,750.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 26,000.00 |
| Total Professional fees | 2,250.00 | 5,750.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 3,250.00 | 3,250.00 | 3,250.00 | 29,000.00 |
| Rent - Office | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 18,090.00 |
| Rent - Storage | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 1,350.00 |
| Repair & Maintenance | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,500.00 | 1,500.00 | 1,000.00 | 1,000.00 | 11,000.00 |
| Security | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 5,000.00 |
| Taxes and licenses | 1,345.00 | 0.00 | 230.00 | 0.00 | 0.00 | 0.00 | 1,081.00 | 0.00 | 0.00 | 0.00 | 2,656.00 |
| Telephone | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 9,400.00 |
| Cell Phone | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 3,330.00 |
| Total Telephone | 1,273.00 | 1,273.00 | 1,273.00 | 1,273.00 | 1,273.00 | 1,273.00 | 1,273.00 | 1,273.00 | 1,273.00 | 1,273.00 | 12,730.00 |
| Uniforms | 0.00 | 0.00 | 178.00 | 0.00 | 115.00 | 541.00 | 0.00 | 0.00 | 0.00 | 0.00 | 832.00 |
| Utilities | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 2,040.00 |
| Vehicle Repairs | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 7,000.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 19,600.00 |
| Total Expenses | 72,622.00 | 78,425.00 | 85,584.00 | 83,097.00 | 74,396.00 | 89,194.00 | 88,006.00 | 84,655.00 | 81,449.00 | 70,708.00 | 808,136.00 |
| Net Operating Income | (16,909.00) | 774.00 | 23,684.00 | 14,461.00 | 8,516.00 | 14,176.00 | 44,075.00 | 101,086.00 | 14,400.00 | (29,431.00) | 174,832.00 |
| **Other Expenses** | | | | | | | | | | | |
| Contingency | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 20,000.00 |
| Total Other Expenses | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 20,000.00 |
| Net Income | (18,909.00) | (1,226.00) | 21,684.00 | 12,461.00 | 6,516.00 | 12,176.00 | 42,075.00 | 99,086.00 | 12,400.00 | (31,431.00) | 154,832.00 |
| Prior Year Income Tax | | | | | | | | | | | |
| Current Year Estimated Income Taxes | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Plan Payments:** | | | | | | | | | | | |
| Legal Fees Related to Reorganization | | | | | | 25,000.00 | 15,000.00 | 15,000.00 | 2,000.00 | 2,000.00 | 59,000.00 |
| Subchapter V Trustee | | | | | | | 15,000.00 | 1,500.00 | 500.00 | | 17,000.00 |
| IRS | | | | | | 3,021.00 | 3,021.00 | 3,021.00 | 3,021.00 | 3,021.00 | 15,105.00 |
| Mercedes-Spirinter 46,000 (GCD) | | 9,670.00 | 9,670.00 | 9,670.00 | 2,441.15 | 2,441.15 | 2,441.15 | 2,441.15 | 2,441.15 | 2,441.15 | 43,656.90 |
| SBA Loan (GCD) | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 15,200.00 |
| Mercedes (Athens) | | | | | | 1,060.00 | 1,060.00 | 1,060.00 | 1,060.00 | 1,060.00 | 5,300.00 |
| Unsecured Creditors | | | | | | 11,000.00 | | | | | 11,000.00 |
| TOTAL PLAN PAYMENTS | 1,520.00 | 11,190.00 | 11,190.00 | 11,190.00 | 3,961.15 | 44,042.15 | 38,042.15 | 24,542.15 | 10,542.15 | 10,042.15 | 166,261.90 |
| | | | | | | | | | | | |
| **Cash Flow** | | | | | | | | | | | |
| Cash at beginning of month | 54,309.00 | 33,880.00 | 21,464.00 | 31,958.00 | 33,229.00 | 35,783.85 | 3,917.70 | 7,950.55 | 82,494.40 | 84,352.25 | 54,309.00 |
| Income from Operations less Plan Payments and taxes | (20,429.00) | (12,416.00) | 10,494.00 | 1,271.00 | 2,554.85 | (31,866.15) | 4,032.85 | 74,543.85 | 1,857.85 | (41,473.15) | (11,429.90) |
| Cash at end of month | 33,880.00 | 21,464.00 | 31,958.00 | 33,229.00 | 35,783.85 | 3,917.70 | 7,950.55 | 82,494.40 | 84,352.25 | 42,879.10 | 42,879.10 |

| | Jan-Dec 2024 | Jan-Dec 2025 | Jan-Feb 2026 | Total |
|---|---|---|---|---|
| $ | 4,755,208.92 | $ 5,088,073.00 | $ 907,373.00 | $ 14,353,085.92 |
| $ | 4,755,208.92 | $ 5,088,073.00 | $ 907,373.00 | 14,353,085.92 |
| $ | 3,457,691.16 | $ 3,803,460.28 | $ 697,288.37 | $ 10,577,903.54 |
| $ | 1,297,517.76 | $ 1,284,612.72 | $ 210,084.63 | $ 3,775,183.38 |
| | | | | |
| $ | 489,122.04 | $ 538,034.24 | $ 98,637.82 | $ 1,498,341.20 |
| | | | | |
| | 3,960.00 | 4,356.00 | 798.59 | 12,114.59 |
| | 34,320.00 | 37,752.00 | 6,921.07 | 104,993.07 |
| $ | 38,280.00 | $ 42,108.00 | 7,719.68 | 117,107.97 |
| | 23,878.80 | 26,266.68 | 4,815.47 | 73,050.95 |
| | 1,782.00 | 1,960.20 | 359.36 | 5,451.56 |
| | 14,520.00 | 15,972.00 | 2,928.15 | 44,420.15 |
| | 6,600.00 | 7,260.00 | 1,330.98 | 20,190.98 |
| | 3,505.92 | 3,856.51 | 707.01 | 10,725.45 |
| | 12,408.00 | 13,648.80 | 2,502.23 | 37,959.03 |
| $ | 4,395.60 | $ 4,835.16 | 886.43 | 13,447.19 |
| | 16,803.60 | 18,483.96 | $ 3,388.66 | 51,406.23 |
| | 1,098.24 | 1,208.06 | 221.47 | 3,359.78 |
| | 2,692.80 | 2,962.08 | 543.04 | 8,237.92 |
| | 25,872.00 | 28,459.20 | 5,217.43 | 79,148.63 |
| $ | 1,064,891.52 | $ 1,171,380.67 | $ 214,749.22 | $ 3,257,757.63 |
| $ | 232,626.24 | $ 113,232.05 | -$ 4,664.59 | $ 516,025.70 |
| | | | | |
| $ | 26,400.00 | 29,040.00 | $ 5,323.90 | 80,763.90 |
| $ | 26,400.00 | 29,040.00 | $ 5,323.90 | 80,763.90 |
| $ | 206,226.24 | $ 84,192.05 | -$ 9,988.49 | 435,261.80 |
| | | | | |
| $ | 24,993.00 | 15,816.00 | 29,958.00 -$ | 10,851.00 |
| $ | 20,619.00 | 42,691.50 | 11,909.50 | 75190 |
| | | | | |
| | 12,000.00 | 6,000.00 | 1,000.00 | 78,000.00 |
| | | | | 17,000.00 |
| | 18,126.00 | 18,126.00 | 3,021.00 | 54,378.00 |
| | 6,360.00 | 6,360.00 | 1,060.00 | 19,080.00 |
| | 52,368.28 | 52,368.28 | 8,731.38 | 157,164.84 |
| | 18,240.00 | 18,240.00 | 3,040.00 | 54,720.00 |
| | | | | |
| | 107,114.28 | 101,114.28 | 16,852.38 | 391,342.84 |
| | | | | |
| | 98,379.06 | $ 96,379.06 | $ 21,039.33 | |
| | 53,499.96 | (75,339.73) | (8,792.37) | -42,662.04 |
| $ | 42,879.10 | $ 96,379.06 | $ 21,039.33 | 12,246.96 |

**GRAND CANYON DESTINATIONS LLC/ATHENS INC.**
**PLAN PROJECTIONS**
**March - December 2023**

| | Mar 2023 | Apr 2023 | May 2023 | Jun 2023 | Jul 2023 | Aug 2023 | Sep 2023 | Oct 2023 | Nov 2023 | Dec 2023 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | |
| Revenues - Tours | 166,540.00 | 259,380.00 | 425,988.00 | 392,268.00 | 240,580.00 | 396,421.00 | 541,238.00 | 685,740.00 | 343,386.00 | 150,890.00 |
| **Total Income** | $ 166,540.00 | $ 259,380.00 | $ 425,988.00 | $ 392,268.00 | $ 240,580.00 | $ 396,421.00 | $ 541,238.00 | $ 685,740.00 | $ 343,386.00 | $ 150,890.00 |
| **Cost of Goods Sold** | | | | | | | | | | |
| Charter Services | 31,635.00 | 62,345.00 | 116,497.00 | 98,067.00 | 40,145.00 | 99,105.00 | 155,310.00 | 173,935.00 | 85,847.00 | 37,723.00 |
| Entrance fees | 48,297.00 | 72,320.00 | 123,536.00 | 113,758.00 | 59,768.00 | 114,962.00 | 156,969.00 | 201,765.00 | 99,582.00 | 43,758.00 |
| Fuel | 3,333.00 | 3,333.00 | 3,333.00 | 3,333.00 | 3,333.00 | 3,333.00 | 3,333.00 | 3,333.00 | 3,333.00 | 3,333.00 |
| GPS Tracking | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 |
| Meals | 23,316.00 | 34,913.00 | 59,638.00 | 54,917.00 | 33,681.00 | 55,499.00 | 75,633.00 | 97,404.00 | 48,074.00 | 21,125.00 |
| Sam's Club - Snacks | 1,915.00 | 2,668.00 | 4,899.00 | 4,511.00 | 2,767.00 | 4,559.00 | 6,224.00 | 8,001.00 | 3,949.00 | 1,735.00 |
| **Total Meals** | $ 25,231.00 | $ 37,781.00 | $ 64,537.00 | $ 59,428.00 | $ 36,448.00 | $ 60,058.00 | $ 81,857.00 | $ 105,405.00 | $ 52,023.00 | $ 22,860.00 |
| Guides/AC Drivers | 5,684.00 | 7,735.00 | 12,150.00 | 23,457.00 | 11,307.00 | 18,926.00 | 15,031.00 | 18,894.00 | 10,085.00 | 5,272.00 |
| **Total Cost of Goods Sold** | $ 110,827.00 | $ 180,181.00 | $ 316,720.00 | $ 294,710.00 | $ 157,668.00 | $ 293,051.00 | $ 409,157.00 | $ 499,999.00 | $ 247,537.00 | $ 109,613.00 |
| **Gross Profit** | $ 55,713.00 | $ 79,199.00 | $ 109,268.00 | $ 97,558.00 | $ 82,912.00 | $ 103,370.00 | $ 132,081.00 | $ 185,741.00 | $ 95,849.00 | $ 41,277.00 |
| **Expenses** | | | | | | | | | | |
| Advertising and Promotions | 9,992.00 | 14,963.00 | 25,559.00 | 23,536.00 | 14,435.00 | 28,785.00 | 26,237.00 | 20,872.00 | 20,603.00 | 9,053.00 |
| Athena - Auto tires | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Bank fees | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 |
| Computer Services | 463.00 | 463.00 | 463.00 | 463.00 | 463.00 | 463.00 | 463.00 | 463.00 | 463.00 | 463.00 |
| Concierge Commission | 512.00 | 512.00 | 512.00 | 512.00 | 512.00 | 512.00 | 512.00 | 512.00 | 512.00 | 512.00 |
| Credit card processing fees | 4,429.00 | 4,622.00 | 4,244.00 | 4,368.00 | 4,731.00 | 4,859.00 | 5,079.00 | 5,110.00 | 4,747.00 | 5,675.00 |
| Drivers Supplies | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Dues & Subscriptions | 29.00 | 29.00 | 29.00 | 29.00 | 29.00 | 29.00 | 29.00 | 29.00 | 29.00 | 29.00 |
| Entertainment and Meals | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Hiring fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Insurance-General Liability | 76.00 | 76.00 | 76.00 | 76.00 | 76.00 | 76.00 | 76.00 | 78.00 | 76.00 | 76.00 |
| Insurance - Health | 2,818.00 | 2,818.00 | 2,818.00 | 2,818.00 | 2,818.00 | 2,818.00 | 2,818.00 | 2,818.00 | 2,818.00 | 2,818.00 |
| Insurance-Vehicles | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 |
| Insurance - Workers Comp | 92.00 | 92.00 | 92.00 | 92.00 | 92.00 | 92.00 | 92.00 | 2,056.00 | 92.00 | 92.00 |
| Office Cleaning | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 |
| Office Supplies | 725.00 | 725.00 | 725.00 | 725.00 | 725.00 | 725.00 | 725.00 | 725.00 | 725.00 | 725.00 |
| Office/General Administrative Expenses | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Virtual Assistant | 5,700.00 | 5,700.00 | 5,700.00 | 5,700.00 | 5,700.00 | 5,700.00 | 5,700.00 | 5,700.00 | 5,700.00 | 5,700.00 |
| **Total Office/General Administrative Expenses** | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 | $ 5,820.00 |
| **Payroll Expenses** | | | | | | | | | | |
| Shareholder Salary | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| Taxes | 3,153.00 | 3,137.00 | 3,072.00 | 2,892.00 | 2,812.00 | 2,806.00 | 2,806.00 | 2,806.00 | 2,796.00 | 2,677.00 |
| Wages | 26,159.00 | 26,159.00 | 26,159.00 | 26,159.00 | 26,159.00 | 26,159.00 | 26,159.00 | 26,159.00 | 26,159.00 | 26,159.00 |
| **Total Payroll Expenses** | $ 37,312.00 | $ 37,296.00 | $ 37,231.00 | $ 37,051.00 | $ 36,971.00 | $ 36,965.00 | $ 36,965.00 | 36,965.00 | $ 36,955.00 | $ 36,836.00 |
| **Professional fees** | | | | | | | | | | |
| Legal Fees | | | | | | | | 1,000.00 | 1,000.00 | 1,000.00 |
| Accounting fees | 2,250.00 | 5,750.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 | 2,250.00 |
| **Total Professional fees** | $ 2,250.00 | $ 5,750.00 | $ 2,250.00 | $ 2,250.00 | $ 2,250.00 | $ 2,250.00 | $ 2,250.00 | 3,250.00 | $ 3,250.00 | $ 3,250.00 |
| Rent - Office | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 | 1,809.00 |
| Rent - Storage | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 | 135.00 |
| Repair & Maintenance | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,500.00 | 1,500.00 | 1,000.00 | 1,000.00 |
| Security | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Taxes and licenses | 1,345.00 | 0.00 | 230.00 | 0.00 | 0.00 | 0.00 | 1,081.00 | 0.00 | 0.00 | 0.00 |
| Telephone | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 | 940.00 |
| Cell Phone | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 | 333.00 |
| **Total Telephone** | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 | $ 1,273.00 |
| Uniforms | 0.00 | 0.00 | 176.00 | 0.00 | 115.00 | 541.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 | 204.00 |
| Vehicle Repairs | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 7,000.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| **Total Expenses** | $ 72,622.00 | $ 78,425.00 | $ 85,584.00 | $ 83,097.00 | $ 74,396.00 | $ 89,294.00 | $ 88,006.00 | 84,555.00 | $ 81,449.00 | $ 70,708.00 |
| **Net Operating Income** | -$ 16,909.00 | $ 774.00 | $ 23,684.00 | $ 14,461.00 | $ 8,516.00 | $ 14,076.00 | $ 44,075.00 | 101,186.00 | $ 14,400.00 | -$ 29,431.00 |
| **Other Expenses** | | | | | | | | | | |
| Contingency | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| **Total Other Expenses** | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| **Net Income** | -$ 18,909.00 | -$ 1,226.00 | $ 21,684.00 | $ 12,461.00 | $ 6,516.00 | $ 12,076.00 | $ 42,075.00 | 99,186.00 | $ 12,400.00 | -$ 31,431.00 |
| | | | | | | | | | | |
| Prior Year Income Tax | | | | | | | | | | |
| Current Year Estimated Income Taxes | | | | | | | | | | |
| | | | | | | | | | | |
| **Plan Payments:** | | | | | | | | | | |
| Legal Fees Related to Reorganization | | | | | | 25,000.00 | 15,000.00 | 15,000.00 | 2,000.00 | 2,000.00 |
| Subchapter V Trustee | | | | | | | 15,000.00 | 1,500.00 | 500.00 | |
| IRS | | | | | | 3,021.00 | 3,021.00 | 3,021.00 | 3,021.00 | 3,021.00 |
| Mercedes-Sprinter 46,000 (GCD) | | | | | | 1,060.00 | 1,060.00 | 1,060.00 | 1,060.00 | 1,060.00 |
| SBA Loan (GCD) | | 9,670.00 | 9,670.00 | 9,670.00 | 2,441.15 | 2,441.15 | 2,441.15 | 2,441.15 | 2,441.15 | 2,441.15 |
| Mercedes (Athens) | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 | 1,520.00 |
| Unsecured Creditors | | | | | | 11,000.00 | | | | |
| **TOTAL PLAN PAYMENTS** | 1,520.00 | 11,190.00 | 11,190.00 | 11,190.00 | 3,961.15 | 44,042.15 | 38,042.15 | 24,542.15 | 10,542.15 | 10,042.15 |
| | | | | | | | | | | |
| **Cash Flow** | | | | | | | | | | |
| Cash at beginning of month | $ 54,309.00 | $ 33,880.00 | $ 21,464.00 | $ 31,958.00 | $ 33,229.00 | $ 35,783.85 | $ 3,817.70 | $ 7,850.55 | $ 82,494.40 | $ 84,352.25 |
| Income from Operations less Plan Payments and taxes | (20,429.00) | (12,416.00) | 10,494.00 | 1,271.00 | 2,554.85 | (31,966.15) | 4,032.85 | 74,643.85 | 1,857.85 | (41,473.15) |
| Cash at end of month | $ 33,880.00 | $ 21,464.00 | $ 31,958.00 | $ 33,229.00 | $ 35,783.85 | $ 3,817.70 | $ 7,850.55 | $ 82,494.40 | $ 84,352.25 | $ 42,879.10 |

EXHIBIT 3

EXHIBIT 3

**EXHIBIT 3**

**PLAN SUPPLEMENT**

This Plan Supplement (the "Supplement") contains additional plan terms with respect to the Subchapter V Plan of Grand Canyon Destinations, LLC ("GCD") and Athens, Inc. ("Athens" and, collectively with GCD, "Debtors") which supplements the plan information set forth in Official Form 425A. In the event of any inconsistency between this Supplement and the terms of Official Form 425A, this Supplement will control. As part of the Plan, Debtors are filing their estimated liquidation analysis and estimated plan projections, which documents are subject to review, modification and correction at or prior to the confirmation hearing. Together, the plan filed on Official Form 425A, the attached liquidation analysis and estimated plan projections (as both may be revised at or before the confirmation hearing) and this Supplement are referred to as the "Plan".

1.     **Background**

Debtor GCD, which operates Grand Canyon tours, is recovering from an unprecedented crisis caused by the worldwide COVID-19 pandemic, which led to a total closure of Debtors' business in 2020. The business of Athens, which consists mainly of owning vehicles which are chartered by GCD, was also shuttered. This resulted in, *inter alia,* foreclosure on vehicles owned by Athens in partial satisfaction of loans guaranteed by Debtors, and entry of a deficiency judgment in the amount of $758.243.62 against Debtors and their owner, Anthony Dobbs ("Dobbs"). Another lawsuit brought by People's Capital & Leasing against Debtors and Dobbs is expected to result in a judgment in excess of $350,000.

At the same time the COVID-19 pandemic was devastating Debtors' revenue, the cryptocurrency market was burgeoning. Bitcoin generated returns of approximately 300% in

1

2020 and 60% in 2021. In an effort to augment revenues, GCD loaned $1,895,578 to New Charters, Nevada ("NCN"), an affiliate of Debtors which was established for the purpose of mining cryptocurrency. Athens loaned $422,823 to NCN. Both loans were due in 90 days. While expected to generate a return of 12% per annum, in fact the loans have been significantly impaired by the subsequent plunge in the cryptocurrency market. Although NCN made payments totaling $436,502.50 to GCD and $43,000 to Athens, it was unable to pay the note at maturity (triggering a 25% default interest rate). As of November 30, 2022, the amount due to GCD from NCN is in excess of $1.7 million. The loan from Athens to NCN was modified to provide for repayment on or before August 10, 2023. While the Bitcoin market has improved somewhat, it is unknown whether it will be economically feasible for NCN to mine Bitcoin and to what extent NCN will be able to make payments of its obligations to Debtors. The NCN notes are the primary assets in Debtors' cases. Debtors estimate that the liquidation value of NCN is approximately $190,000.

While GCD generated gross income of over $6,750,000 and net income of approximately $54,000 in 2019, GCD generated losses of approximately $194,000 in 2000, approximately $29,000 in 2021, and approximately $1.5 million in the first 10 months of 2022. GCD anticipates that by the end of 2023 it will achieve a "break even" in cash flow, and that commencing in 2023 it will generate income.

Athens has generated losses of approximately $219,000 in 2020, $417,000 in 2021, and $280,000 in the first 10 months of 2022. Its assets consist primarily of the note payable from NCN and three sprinter vans which are chartered by GCD.

The Plan calls for consolidation of the assets and operations of Debtors under the ownership of a new entity owned by Anthony Dobbs.

2

### 2.    Payments Under the Plan

### a.  Administrative Claims:

Debtor shall pay amounts entitled to priority under 11 U.S.C. §503(b) ("Administrative Claims") from Debtor's net cash flow.  These include, without limitation, post-petition operating expenses, costs of Debtors' attorneys and accountants, and fees and expenses of the Subchapter V Trustee.  With respect to professional fees incurred from the Petition Date until the Effective Date of the Plan[1], such payments shall be subject to Bankruptcy Court approval.  Any claim for monies allegedly due from other creditors from the Petition Date until the Effective Date of the Plan shall be paid only if allowed by the Bankruptcy Court.  Except as previously approved by the Bankruptcy Court, any application for payment of Administrative Claims (whether of professionals or other post-petition creditors) shall be allowed and paid only to the extent that an application for payment is (1) filed within thirty (30) days after the Effective Date; and (2) allowed by order of the Bankruptcy Court.  "Effective Date" means the first day of the month which occurs at least 14 days after entry of the order confirming the Plan.

### b.  Priority Claims (Class 1)(Both Debtors):

"Priority Claims" are claims described in 11 U.S.C. §507 which are not Administrative Claims.

Debtor GCD has paid priority wage claims totaling approximately $25,000 pursuant to approval of the Bankruptcy Court.

---

[1] The "Effective Date" is the first day of the month occurring at least fifteen days after entry of the order confirming the Plan.

Debtor GCD shall pay the priority claim on the United States, Internal Revenue Service, in the amount of $123,583 over 5 years, with interest in the amount of 7% per annum, via monthly payments in the amount of $2,441. Debtor Athens shall pay the priority claim of the United States, Internal Revenue Service in the amount of $29,255 over 5 years, with interest in the amount of 7% per annum, via monthly payments in the amount of $580.

**c. Secured Claims:**

**Class 2: SBA (GCD)**

Debtors shall pay the secured portion of the SBA Claim in the amount of $252,666 over 20 years, with interest at the rate of 3.75% per annum, via monthly payments in the amount of $2,441.15.

**Class 3: Mercedes Benz Financial (GCD)**

Debtors shall make monthly payments on account of secured claim of Mercedes Benz Financial with respect to the Mercedes Sprinter owned by GCD in the amount of $46,000 (or such different amount as the Bankruptcy Court determines is the value of the claim secured by that vehicle) with interest at the rate of 5% per annum over 4 years, via equal monthly payments in the estimated amount of $1,060, commencing on the Effective Date. Any adjustments in the total amount due will be made to the final payment(s).

**Class 4: Secured Claims (Athens):**

**Class 4.1 Mercedes Benz Financial**

Athens: Athens owns four Mercedes-Benz Sprinters, identified VIN ending in 0940; VIN ending in 9258; and VIN ending in 8953. Debtor has made no payments on the vehicles since early 9019 (*i.e.* since the COVID-19 pandemic).

4

VIN ending in 0940 has a blown engine, and the cost of repairs is estimated to exceed $10,000. Athens will permit Mercedes-Benz Financial Services to pick up that vehicle 313 in satisfaction of its secured claim with respect to that Vehicle.

Athens intends to retain the other three vehicles and Debtors will make payments of the amount of the secured claim totaling $56,000 (or such different amount as the Bankruptcy Court determines is the value of the claim secured by that vehicle), with interest at 5% per annum, over 4 years. Debtors estimate such payments will be in the amount of $1,520 per month.

**Class 4.2 Marlin Capital Solutions**

Athens is the owner of a Double Decker bus financed by Marlin Capital Solutions/Marlin Business Bank ("Marlin"). Pre-petition, Debtors and Marlin stipulated that the amount due to Marlin as of May, 2021 is $171,344.80. Debtors will either (1) pay Marlin the value of its secured claim over four years with interest at 5% (to be obtained from leasing that vehicle); or (2) surrender the vehicle to Marlin. Debtors note that either option is cash-flow neutral, and neither the Athens Liquidation Value nor the Cash Flow Projections reflect that vehicle.

**d.  Unsecured Claims:**

**Class 5:  Administrative Convenience**

Unsecured creditors of both GCD and Athens whose claims are $1,000 or less, or who elect to reduce their claims to $1,000, will receive a one-time payment of $25 on or before September 30, 2023.

**Class 6:  Unsecured Claims**

Except as otherwise provided below, Debtors shall make a one-time payment in the amount of $10,000 to be shared *pro rata* among their unsecured creditors (excepting Class 5 creditors), on or before September 20, 2023. Based upon Debtors' estimate of the amount of unsecured claims

5

(approximately $4 million), this constitutes a payment of approximately .0025%. If the Plan is contested with respect to the adequacy of such payment, and the Court determines that a greater payment is necessary to assure that unsecured creditors receive amounts described in 11 U.S.C. §1191(c)(2)(B)(or otherwise to comply with the requirements of the Bankruptcy Code), Debtors shall make a one-time cash payment, to be shared *pro rata* among unsecured creditors, in that additional amount.

**Class 7 (Equity, GCD) and 8 (Equity, Athens).**

On the Effective Date, the equity interests in Debtors shall vest in a new corporation owned by Anthony Dobbs ("Newco"). To the extent Mr. Dobbs determines that it would be cost effective or efficient to do so, the Debtors may transfer assets between the Debtors and Newco, merge, and/or dissolve the Debtors, or either of them.

3.    **Executory Contracts**

Debtors will assume the following Executory Contracts and continue to make monthly payments due thereunder:

Safeguard Storage, storage unit

The Guardian, Dental Plan

Health Plan of Nevada, Medical Insurance

Verizon, Cellular service

Cox, cable service

Goto/Jive, VOIP telephone service

Google Ad, internet advertising

Indeed, employment agency

Apple, (PayPal)

6

Windstar Lines, Inc., charter services

Alverado Investments, Inc.

Capital Premium Insurance

Samsara

Debtor may amend this list by filing notice of assumption or rejection of any executory contract prior to the conclusion of the confirmation hearing.

All other executory contracts will be terminated as of the Effective Date, and any sums due will be treated as Unsecured Claims under the Plan. The deadline for filing claims based upon rejection of Executory Contracts was 90 days from the first date set for the first meeting of creditors. *See* Local Rule 3002(b).

**4.      Disputed Claims; Undeliverable and *de minimus* Payments**

Any objections to claims shall be filed within thirty days following the Effective Date. Pending final resolution of any claims objections, amounts due with respect to any asserted claim which is the subject of objection shall be held pending the entry of a final and non-appealable order determining the allowance and amount of such claim. It is the responsibility of creditors to advise the Debtors, its reorganization counsel, and the Trustee (collectively, the "Notice Parties") of their current mailing address. If mail addressed to a creditor is returned (in the case of a creditor for whom multiple addresses are listed on the schedules or the filed proof of claim, if mail sent to each such address is returned), no further mail or payments need be sent to such Creditor, and the Creditor shall have 90 days from the date of the first returned mailing to advise the Notice Parties, in writing, of the Creditor's current address. With regard to any checks not cashed within 90 days, whether or not such checks are returned, such funds shall become property of the Debtors and shall not be subject to escheatment.

5.      **Consolidation of Operations, New Equity Holder**

As of the Effective Date, Debtors' estates shall be substantively consolidated, and the equity interests in Debtors shall be transferred to a new Nevada corporation owned by Anthony Dobbs. Debtors shall have the option to transfer assets between the Debtors and to consolidate financial statements and tax returns in order to minimize expenses.

6.      **Effect of Confirmation, Including Release and Exculpation Provisions**

a.      **Binding Effect.**

From and after the Confirmation Date, the Plan will be binding an all parties and entities, including, without limitation, the Debtors and anyone holding any "claims" as defined by 11 U.S.C. §101(5), whether or not they voted in connection with the Plan.

b.      **Vesting of Assets.**

Except as otherwise provided in the Confirmation Order, upon the Effective Date, all property of the Estate will vest in the Reorganized Debtors free and clear of all Claims, liens, encumbrances, restrictive covenants, charges, and other interests, except as otherwise provided in the Plan or in the Confirmation Order. Unless otherwise ordered by the Court, all payments to be made pursuant to the Plan will be made by the reorganized Debtors, and not by the Subchapter V Trustee(s). Any documents, including without limitation, deeds, deeds of trust, notes, and security agreements, shall be modified to conform to this requirement. From and after the Effective Date, the Reorganized Debtors may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provision of the Bankruptcy Code, except as provided herein. Without limiting the foregoing, pursuant to section 1123(b)(3) of the Bankruptcy Code, except for any Causes of Action expressly waived by Debtors pursuant to the terms of the

8

Plan, the Reorganized Debtors will retain and will have the exclusive right, in its discretion, to enforce, not enforce, or compromise against any Person any and all Causes of Action of Debtors. The resolution of such Causes of Action not resolved as of the Confirmation Date will be the responsibility of the Reorganized Debtors' management. Debtors reserves the right to bring any claims or causes of action, whether or not discussed in the Plan or Disclosure Statement, and whether or not currently known to Debtors.

c.      **Discharge of Debtors**.

Upon the Effective Date and in consideration of the rights afforded in the Plan and the payments and distributions to be made thereunder, except as otherwise provided herein or in the Confirmation Order, each holder (as well as any trustees and agents on behalf of each holder) of a Claim and any affiliate of such holder will be deemed to have forever waived, released, and discharged Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Membership Interests, Causes of Action, rights, and liabilities that arose prior to the Effective Date of any kind, nature, or description whatsoever, including any accrued interest, fees, or other charges, in exchange for the treatment afforded to such Claims under the Plan, and each such holder will be deemed to have granted, and will grant to Debtors the waiver, release and discharge described in the Plan. Except as otherwise provided in the Plan, upon the Effective Date, all such holders of Claims and Membership Interests and their affiliates will be forever precluded and enjoined, pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against the Reorganized Debtors, or against any of their Assets or property, based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a Proof of Claim or proof of Interest.

9

**d.     Injunction.**

Except as otherwise expressly provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against Debtors or claims which are property of the Estate, along with their respective present or former employees, agents, officers, directors, or principals, are permanently enjoined, with respect to any such Claims or Membership Interests, as of the Confirmation Date, but subject to the occurrence of the Effective Date, from (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Debtors, the Estate, or the Reorganized Debtors or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against Debtors, the Estate, or the Reorganized Debtors or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Debtors, the Estate, or the Reorganized Debtors or any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (d) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; (e) taking any actions to interfere with the implementation or consummation of the Plan and

10

(f) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan, such as commencing or continuing in any manner any action or other proceeding of any kind with respect to any Claims, Membership Interests, and Causes of Action which are extinguished or released pursuant to the Plan; provided, however, that nothing contained herein will preclude such Persons from exercising their rights pursuant to and consistent with the terms of the Plan.

      e.      **Exculpation and Limitation of Liability.**

None of Debtors, the Reorganized Debtors, or any of their respective current or former members, shareholders, officers, directors, managers, employees, advisors, professionals, affiliates, or agents of any of the foregoing (including any attorneys, financial advisors, investment bankers and other professionals retained by such persons, but solely in their capacities as such) will have or incur any liability for any act or omission in connection with, related to, or arising out of, without limitation, the negotiation and execution of the Plan, the Disclosure Statement, the solicitation of votes for and the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, including, without limitation, all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto and all activities leading to the promulgation and confirmation of the Plan, except willful misconduct, fraud, knowing misrepresentation, or gross negligence as determined by a Final Order of the Bankruptcy Court. This provision applies to conduct occurring during the Chapter 11 Case. The foregoing parties will be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

      f.      **Injunction Related to Releases, Exculpation and Interference with Plan.**

11

The Confirmation Order will permanently enjoin the commencement or prosecution by any Person or entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released pursuant to the Plan. Such Persons will also be enjoined from taking any action to interfere with the Plan or the implementation of the Plan.

g.      **Authorization.**

Pursuant to section 1142(a) of the Bankruptcy Code, notwithstanding any other applicable non-bankruptcy law, rule or regulation relating to financial condition, Debtors are authorized to carry out and perform all actions pursuant to the terms of the Plan. Debtors' principal, Anthony Dobbs, is authorized to undertake any acts necessary or expedient to effectuate the Plan.

**7. Post-Confirmation Matters**

From the Effective Date, Debtors shall file quarterly reports utilizing the US Trustee Form 11-PCR (the "Post-Confirmation Reports"). The Post-Confirmation Reports shall summarize transactions made in the prior calendar quarter or applicable portion thereof, and shall be due on the first business day of the month which is twenty-one days following the end of each calendar quarter.

Upon completing payments of administrative claims, administrative convenience claims, and the Initial Payment on behalf of Unsecured Claims, Debtors shall be entitled to a Final Decree and Order Closing Case. Such orders may be entered by the Bankruptcy Court Ex Parte upon Debtors' representation that such payments have been made.

Following the Effective Date, the Bankruptcy Court shall retain jurisdiction with regard to allowance and disallowance of claims, and interpretation of the Plan. Payments due under the Plan

12

shall be obligations of the Reorganized Debtor(s), and shall be enforceable according to Nevada State law, in a court of competent jurisdiction located in Clark County, Nevada.